## HENDRICK v. KELLOGG.

A matter of variance, involving no ambiguity or question of fact, is not for the jury, but should be decided by the court.

One of two joint and several makers of a note, was not served with process, but he signed the appeal bond as surety ; held that this act did not constitute an appearance, as principal.

ERROR *to Jefferson District Court.*

*Opinion by* GREENE, J. Assumpsit on a promissory note, tried before a justice of the peace. Judgment for plaintiff. Defendant appealed to the district court; verdict and judgment rendered against him for the amount due on the note.

On the trial, the court was requested to instruct the jury that if they believe there is a difference in the note offered in evidence, and the one described in the transcript, they must find for the defendants. But the court refused to charge as requested, and informed the jury that the question of variance was for the court to decide, and that there was no sufficient variance to justify the exclusion of the note. This ruling of the court is assigned for error, and the case of *Jefferson county* v. *Ellis*, is cited to show the error. But we think the case cited bears no analogy to the case at bar. The question submitted to the jury in that case was not one of variance. In the date of the note, the month was so abbreviated, that the court could not determine whether it was "Jun." or "Jan." Evidence was therefore introduced to show whether the note was dated in January or June, and that evidence was referred to the jury. In the present case, there is no such ambiguity or uncertainty in the language of the note or of the transcript. The court could readily place a construction upon them and judge of any variance between them. A matter of construction or of variance between instruments, is obviously a question of law, to be decided by the court, and should

not be determined by a jury. The court below, therefore, did not err in refusing to submit this question to the jury, as requested, nor in deciding upon the matter of variance.

The note, in this case, was made by Hendricks and Jenkins, jointly and severally ; but service was had only upon Hendricks, and consequently judgment was rendered against him only as a party to the note, but judgment was rendered against said Jenkins as one of the securities in the appeal bond. It is contended that this was erroneous ; that judgment should have been against Jenkins as principal, so as to hold him jointly liable on the debt ; and that his signature to the appeal bond was a sufficient appearance. This objection is, we think without foundation. The act of signing an appeal bond cannot of itself be regarded as an appearance, by which the person could be made a party to the suit so as to authorize a judgment against him as a principal defendant. This act merely made him a security in the appeal, and as such only, could judgment be rendered against him.

Judgment affirmed.

*Charles Negus*, for plaintiff in error.

*Slagle & Acheson* and *G. G. Wright*, for defendant.